IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,073-01 & -02






EX PARTE JESUS DE LEON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 06-CR-0405-G & 06-CR-2746-G IN THE 404TH DISTRICT COURT


FROM CAMERON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In cause number 06-CR-0405-G,
Applicant was convicted of aggravated sexual assault of a child, sexual performance by a child, and
two counts of possession of child pornography. He was sentenced to imprisonment for ten years on
each possession of child pornography count and for fifty and twenty years on the other counts. In
cause number 06-CR-2746-G, Applicant was convicted of twenty counts of possession of child
pornography and sentenced to ten years' imprisonment on each count. The Thirteenth Court of
Appeals affirmed his convictions. De Leon v. State, Nos. 13-07-00187-CR & 13-07-00189-CR (Tex.
App.-Corpus Christi May 15, 2008, pet. ref'd).

 Applicant contends, among other things, that his guilty pleas were involuntary, that the State
breached the plea agreements, and that trial counsel rendered ineffective assistance. On June 16,
2010, we remanded these applications. On remand, after Applicant filed a motion to recuse, the
Honorable Benjamin Euresti, Jr., was assigned to sit in Applicant's cases. Judge Euresti then made
findings of fact and conclusions of law and recommended that we deny relief. 

 We believe that the record is not sufficient to resolve Applicant's claims. First, according to
the State's response, counsel filed an affidavit in response to Applicant's claims, but his affidavit
was not forwarded with the supplemental record. A copy of his affidavit shall be returned to this
Court. Second, if counsel has not already done so in his affidavit, the trial court shall order him to
respond to each of Applicant's claims. Specifically, the trial court shall order counsel to state
whether he believed that the plea agreements contemplated that Applicant would waive all of his
rights to an appeal. Third, a copy of the reporter's record of the plea hearing shall be returned to this
Court.

 If counsel has not already responded to each of Applicant's claims, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 If counsel does respond to Applicant's claims in a supplemental affidavit or by any means 
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), the trial court shall make further findings of fact
and conclusions of law as to whether the State breached the plea agreements, Applicant's pleas were
involuntary, and counsel was ineffective. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of the disposition of Applicant's motion to recuse. If any
continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental findings
of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this
order. Any extensions of time shall be obtained from this Court. 



Filed: April 6, 2011

Do not publish